**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 10430 |
| | ) | |
| v. | ) | Judge Jorge Alonso |
| | ) | |
| HOLSTEN MANAGEMENT CORP., | ) | |
| PETER HOLSTEN, and JACKIE | ) | |
| TAYLOR-HOLSTEN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding pro se, sues defendants for their alleged violations of his constitutional rights and for fraud and breach of contract. The case is before the Court on defendants' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the first amended complaint. For the reasons set forth below, the Court grants in part and strikes as moot in part the motion.

## Facts

On July 30, 2013, plaintiff started to work for defendant Holsten Management. (1st Am. Compl. ¶ 7.) In May 2014, plaintiff's manager, Hector, said plaintiff picked up a machete wall decoration and pounded it against his hand while Hector was speaking to him. (*Id.* ¶¶ 8, 33.) As a result of Hector's report, on June 2, 2014, defendants fired plaintiff. (*Id.* ¶ 13.)

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere*

*& Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Federal Claims**

In his first, third, and sixth causes of action, plaintiff seeks to hold defendants liable under 42 U.S.C. § 1983 for violating his constitutional rights. However, "the conduct of private parties lies beyond the Constitution's scope." *Air Line Pilots Ass'n, Int'l v. Dep't of Aviation of City of Chi.*, 45 F.3d 1144, 1149 (7th Cir. 1995); *see Hallinan v. Fraternal Order of Police of Chi. Lodge No.7*, 570 F.3d 811, 815 (7th Cir. 2009) ("The First and Fourteenth Amendments to the Constitution protect citizens from conduct by the government, but not from conduct by private actors, no matter how egregious that conduct might be."). Further, § 1983 imposes liability only on local government actors and private parties who exercise local government authority. *See* § 1983 (creating a cause of action against "[any] person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives another of a constitutional right); *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999) (stating that "§ 1983 may also be brought to bear on private individuals who exercise government power") (citing Erwin Chemerinsky, Federal Jurisdiction, 464-65 (3d ed. 1999)). Moreover, private action only becomes state action when:

> [P]rivate actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights; where the state compels the discriminatory action; when the state controls a nominally private entity; when it is entwined with its management or control; when the state delegates a public function to a private entity; or when there is such a close nexus between the state and the challenged action that seemingly private behavior reasonably may be treated as that of the state itself.

*Hallinan*, 570 F.3d at 815-16 (citations omitted).

Plaintiff alleges none of these things. Rather, he argues that defendants should be considered state actors because they are "employees" within the meaning of the Social Security Act and receive funding from the Department of Housing and Urban Development ("HUD"). Even if these were state, rather than federal, programs, defendants' status as potential recipients of Social Security benefits and current recipients of HUD funding would not make them state actors. *See id.*; *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 840-42 (1982) (holding that receiving state funding, "performing public contracts," or "serving a 'public function'" does not transform a private party into a state actor). Because plaintiff has not alleged that defendants are state actors, and given the law and facts as he has alleged them, clearly cannot do so, his first, third, and sixth causes of action are dismissed with prejudice.

In his second claim, plaintiff alleges that defendants terminated him in violation of Title VII and § 1981. However, in his response to defendants' motion to dismiss, plaintiff states that his first amended complaint "does not allege race discrimination," "does not allege employment discrimination," "[does] not allege discrimination in any way," and is "not about employment discrimination." (*See* Pl.'s Mem. Opp'n Mot. Dismiss at 11-12.) Given plaintiff's representation, the Court deems him to have withdrawn his second cause of action.

**State-Law Claims**

Because the Court has dismissed all of the federal claims in this suit, it declines to exercise supplemental jurisdiction over plaintiff's fourth and fifth causes of action, state-law fraud and breach of contract claims. *See* 28 U.S.C. § 1367(c)(3) (stating that "[t]he district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction").

3

## **Conclusion**

For the reasons set forth above, the Court grants in part and strikes as moot in part defendants' motion to dismiss the first amended complaint [22]. The motion is granted with respect to plaintiff's first, third, and sixth causes of action, which are dismissed with prejudice, and stricken as moot with respect to the second cause of action, which plaintiff has withdrawn, and the state-law claims in plaintiff's fourth and fifth causes of action, which are dismissed without prejudice to refiling in state court. This case is terminated.

**SO ORDERED.**                                           **ENTERED: May 29, 2015**

_____
**HON. JORGE L. ALONSO
United States District Judge**